## OSCAR GETCHELL *vs.* INHABITANTS OF OAKLAND.

### Kennebec.    Opinion December 31, 1896.

*Way.    Towns.    Water Course.    Municipal Officers.    R. S., c. 18, § 67.*

When surveyors of highways have constructed a water course "by the side of a way so as to incommode any person's house or other building," the municipal officers, under R. S., c. 18, § 67, on complaint and after view, "may cause it to be altered as they direct."

*Held;* that the municipal officers are made agents of the town, by this statute, for such purposes; and may do the work at the town's expense.

ON MOTION AND EXCEPTIONS BY DEFENDANTS.

This was an action of assumpsit on account annexed. The action was tried in the Superior Court, Kennebec county, where the plaintiff recovered a verdict of $21.17.

The case is stated in the opinion.

*S. S. Brown,* for plaintiff.

*W. C. Philbrook and George W. Field,* for defendants.

Exceptions: When a town at its annual meeting has elected a highway surveyor or road commissioner, who is duly sworn and is in the discharge of his duties, the selectmen have no power to make a contract with reference to the repairs of highways which will bind the town. *Tufts* v. *Lexington,* 72 Maine, 516; *Bryant* v. *Westbrook,* 86 Maine, 450; *Goddard* v. *Harpswell,* 88 Maine, 228.

Motion: (Form of action). *Bangor House* v. *Hinckley,* 12 Maine, 385; *Keene* v. *Chapman,* 25 Maine, 126; *Bangor* v. *Co. Coms.* 30 Maine, 270; *Mason* v. *Railroad Co.,* 31 Maine, 215; *Hovey* v. *Mayo,* 43 Maine, 322; *Briggs* v. *Railroad Co.,* 79 Maine, 363. (Time of action). R. S., c. 18, § 68, as amended, Freem. Sup. p. 184. (Parties) Ib. (Tort of Surveyor). *Small* v. *Danville,* 51 Maine, 359; *Woodcock* v. *Calais,* 66 Maine, 234; *Bulger* v. *Eden,* 82 Maine, 352; *Goddard* v. *Harpswell,* 84 Maine, 499.

SITTING: PETERS, C. J., WALTON, FOSTER, HASKELL, WHITE-
HOUSE, STROUT, JJ.

HASKELL, J.　The road commissioner of Oakland constructed
a ditch between the road and the plaintiff's premises to take the
water from above.　The plaintiff complained to the selectmen
about the inconvenience therefrom in approaching his premises.
They instructed him to fix it and said "we would pay; that it
would not make any material difference to us whether it was done
with tiling, or plank driveway, two good wide plank."　The
plaintiff did fix it, and recovered a verdict for $21.17.　There is no
good reason for disturbing the verdict if the action of the select-
men made the town liable.

The cases of *Tufts* v. *Lexington*, 72 Maine, 516, where it was
held that selectmen could not bind the town on a contract for the
repair of roads when highway surveyors had been appointed, etc.;
*Bryant* v. *Westbrook*, 86 Maine, 450, where it was held that
municipal officers who act without direction of the town or express
statute authority in the repair of roads are not agents of the town,
and for whose acts the town is not liable; and *Goddard* v. *Harps-
well*, 88 Maine, 228, where it was held that selectmen, empowered
by the town to borrow money for road building, could not act as
agents of the town in doing the work, are cited as decisive of the
case at bar.

These authorities are not in point, nor is *Goddard* v. *Harpswell*,
84 Maine, 499, for here the statute, R. S., c. 18, § 67, provides
that when surveyors of highways have constructed a water course
"by the side of a way so as to incommode any person's house or
other building," the municipal officers, on complaint and after
view, "may cause it to be altered as they direct."　They are
made agents of the town for the purpose, and may do the work at
the town's expense.　Here they employed the plaintiff to do the
work for which the town became liable just the same as if they
had employed a stranger to do it.

*Motion and exceptions overruled.*